UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER SHUI,
    Petitioner,
    v.
RON DAVIS, Warden,
    Respondent.

Case No. 16-cv-03217-MEJ (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a prisoner currently incarcerated at San Quentin State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Santa Clara County Superior Court. He has paid the $5.00 filing fee.

**BACKGROUND**

Following a jury trial in 2013, Petitioner was convicted of second degree murder. He was sentenced to 15 years to life in state prison. On January 8, 2015, the California Court of Appeal affirmed the judgment. The Supreme Court of California denied review. Petitioner reports that he did not file any state habeas petitions before filing this action. The instant action was filed on June 10, 2016.

**DISCUSSION**

**A.  Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show

cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claims**

As grounds for federal habeas relief, Petitioner claims that: (1) the trial court erred by excluding expert testimony that the words used by the victim were uniquely provocative in Chinese culture, thereby denying him the opportunity to present a heat of passion defense; and (2) the trial court erred by instructing the jury that involuntary manslaughter predicated on unconsciousness due to voluntary intoxication is a general intent crime. Liberally construed, Petitioner's claims appear cognizable under § 2254 and merit an answer from Respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**C.     Proper Respondent**

The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him as the Respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254). This person typically is the warden of the facility in which the petitioner is incarcerated. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Accordingly, the proper Respondent here is Warden Ron Davis of San Quentin State Prison where petitioner is currently incarcerated.

**CONCLUSION**

1.     The Clerk of the Court is directed to change the Respondent to Warden Ron Davis.

2.     The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto (Docket No. 1), as well as a magistrate judge jurisdiction consent form, upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3.     Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted

1 based on the claims found cognizable herein.  Respondent shall file with the answer and serve on

2 Petitioner a copy of all portions of the state trial record that have been transcribed previously and

3 that are relevant to a determination of the issues presented by the petition.

4       If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

5 Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

6       4.    Respondent may file, within **sixty (60)** days, a motion to dismiss on procedural

7 grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules

8 Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the

9 Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight**

10 **(28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on

11 Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

12       5.    Petitioner is reminded that all communications with the Court must be served on

13 Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must

14 keep the Court informed of any change of address and must comply with the Court's orders in a

15 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

16 pursuant to Federal Rule of Civil Procedure 41(b).  See Martinez v. Johnson, 104 F.3d 769, 772

17 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

18       6.    Upon a showing of good cause, requests for a reasonable extension of time will be

19 granted provided they are filed on or before the deadline they seek to extend.

20       **IT IS SO ORDERED.**

21 Dated: September 28, 2016

MARIA-ELENA JAMES
United States Magistrate Judge